## GODMAN ET AL. *v.* MEIXSEL ET AL.

PRINCIPAL AND AGENT.—*Sale, through Agent, for Future Delivery.—Compromise by Agent.—" Options."—Broker.*—Certain grain dealers in this State having authorized certain commission merchants in another State to sell a certain quantity of grain, on the account of the former, at a specified price, to be delivered at the "option" of the former, to the purchaser, at any time during a specified month, and such sale, and partial delivery pursuant thereto, having been made, the sellers telegraphed to the commission merchants, thirteen days prior to the expiration of the month, to buy grain sufficient "to fill balance of our sale," whereupon the latter, on the next day, compromised the contract by paying to the purchaser the difference between the contract price and the market price of such grain at that time, but before the expiration of the month the market price had fallen.

*Held,* in an action by the agents against their principals, to recover such compromise payment as money paid for the use of the principals, that they can not recover

From the Tippecanoe Circuit Court.

*J. M. LaRue* and *F. B. Everett,* for appellants.

*W. D. Wallace* and *A. A. Rice,* for appellees.

HOWK, C. J.—This cause is now before this court, for the second time. The opinion of the court when it was first here is reported under its present title, in 53 Ind. 11.

The appellees, as plaintiffs, alleged in their complaint, that the appellants were indebted to the appellees in the sum of six hundred and eighteen dollars and ninety-six cents, for a balance due to them for money paid out and expended by the appellees for the appellants, at their instance and request, and for interest due the appellees, the particulars of which were set forth in an account filed with, and made part of, said complaint; that said balance was due and wholly unpaid; and that the appellees demanded judgment therefor, with interest thereon since November 1st, 1873, in the sum of seven hundred dollars, and for other proper relief.

Answers and replies were duly filed, and the action having been put at issue was tried by a jury, at the April term, 1877, of the court below, and a verdict was returned for the appellees, assessing their damages in the sum of seven hundred and fifty-two dollars and fifty-six cents. The appellants' motion for a new trial having been overruled, and their exception saved to such ruling, judgment was rendered on the verdict.

The following decisions of the circuit court have been assigned as errors by the appellants, in this court:

1. In overruling their motion for a new trial;

2. In overruling their motion to suppress certain depositions; and,

3. In refusing to permit them to introduce oral evi-

dence in support of their motion to suppress certain depositions.

The only causes for a new trial, assigned by the appellants in their motion therefor, were, that the verdict was contrary to law, and· that it was not sustained by the evidence. The questions presented by these causes for a new trial, for our consideration and decision, make it necessary that we should give at least a summary of the facts shown by the evidence.

In and during the year 1873, the appellees were commission merchants in the city of Baltimore, Maryland; and, in and during the same year, the appellants were engaged in the same business in the city of Lafayette, Indiana. On July 22d, 1873, by the appellants' authority and on their account, the appellees, at Baltimore, sold to one Radcliff twenty thousand bushels of corn, at fifty-nine cents per bushel, to be delivered during the ensuing month of August.

It was alleged by the appellees, in the third paragraph of their reply, that, "On or about the 16th day of August, 1873, the plaintiffs, at the instance and request of the defendants, procured said Radcliff to extend the time of the delivery of said corn, so as to make the same deliverable at any time during the whole of the ensuing month of September, at the defendants' option."

. We do not find that this allegation is sustained by any positive evidence in the record, nor was it controverted in any manner. It may be assumed as a fact, therefore, without injustice to any of the parties, that the time of the delivery of the corn sold was so extended as that the appellants had all the month of September, 1873, in which at their option to make such delivery.

On the 17th of September, 1873, more than fourteen thousand bushels of corn were still to be delivered by the appellants on their sale to Radcliff, during the remainder of that month; and, on the day last named, they sent from

Lafayette to the appellees, at Baltimore, a telegraphic message, in these words : " Buy corn to fill balance of our sale." The telegram was received by the appellees, at Baltimore, on the same day it was sent. The market price of corn, in Baltimore, was then sixty-four cents per bushel. The appellees did not buy corn, as instructed by the appellants, to fill the balance of their sale to Radcliff; but, on the 18th day of September, 1873, without any further instructions from the appellants, the appellees paid Radcliff five cents per bushel on fourteen thousand three hundred and forty-seven and one-seventh bushels of corn, the amount then undelivered on the sale to him. On the same day, the appellees wrote the appellants, at Lafayette, that they had that morning bought the fourteen thousand three hundred and forty-seven and one-seventh bushels of corn, at sixty-four cents per bushel, on the appellants' contract of sale to Radcliff. It appears, from the deposition of the appellee Joseph H. Meixsel, in evidence on the trial of this cause, that, on the 27th day of September, 1873, which was three days before the expiration of the time within which the appellants were to complete the delivery of the corn sold on their account by the appellees to Radcliff, the market price of corn by the car-load, in Baltimore, was only sixty cents per bushel.

These were the facts of the case, as we gather the same from the record, and the question for decision is, were these facts sufficient to show that the appellants were liable to the appellees, in this action, for the money paid by the latter in the settlement of the contract with Radcliff?

The appellees' attorneys in the court below have failed to furnish us with any brief or argument of this cause, and we can not understand upon what grounds the circuit court overruled the appellants' motion for a new trial, and sustained the verdict of the jury. It seems to us, that the verdict was not sustained by sufficient evidence.

In their complaint, the appellees sued for the recovery of a certain sum of money, which they alleged that they had paid out and expended for the appellants, and at their instance and request. In the first paragraph of the answer of the appellants to the complaint, " they deny each and every allegation thereof." The issues thus joined made it necessary for the appellees to prove on the trial, by a preponderance of the evidence, not only that they had paid out and expended the money, but that they had made such payment and expenditure at the instance and request of the appellants. On this latter point, the appellees introduced no evidence of any kind. They had been instructed by the appellants to buy corn to fill the balance of their sale to Radcliff. When the appellees received this instruction, they knew that, under the terms of the sale which they had made to Radcliff for the appellants, the latter might deliver the balance of their sale of corn, at their option, at any time within the next thirteen days. The appellees were authorized by the telegram to buy corn to fill the balance of the sale to Radcliff, and they knew they had thirteen days within which to buy and deliver the balance of the corn. The telegram did not authorize the appellees to pay money to and settle with Radcliff, for the balance of the corn ; but the next morning after their receipt of the telegram, and twelve days before the expiration of the time within which, under the contract, as they well knew, the balance of the corn might be delivered, they settled with Radcliff for the undelivered balance of the corn, as upon a forfeited contract, at sixty-four cents per bushel, and paid him in money the difference between that price and the contract price of fifty-nine cents per bushel, or five cents per bushel. After the appellees had made this payment to Radcliff, and before the expiration of the time within which the balance of the corn, under the contract, might have been delivered to Radcliff, to wit, on the 27th day

of September, 1873, the market price of corn, by the carload, in the city of Baltimore, as shown by the account filed with, and made part of, the deposition of the appellee Joseph H. Meixsel, was only sixty cents per bushel.

Upon the case made by the record, we are clearly of the opinion, that the moneys sued for were not paid out and expended by the appellees, at the instance and request of the appellants. Not only so, but we think that such payment and expenditure, made at the time and under the circumstances above stated, were wholly unauthorized, and therefore that the appellants are not, and ought not to be, liable therefor to the appellees.

For the reasons given, the court erred, in our opinion, in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.